IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHRISTOPHER EDWARDS                                                                              PLAINTIFF

v.                                      Case No. 4:22-cv-4056

SHERIFF GARY DORMAN, Hempstead County,
Arkansas; MANUEL RODRIGUEZ; DEPUTY
MICHAEL BRADDOCK; and BRENT MILLER,
Public Defender                                                                                  DEFENDANTS

## **ORDER**

Before the Court is Plaintiff Christopher Edwards' failure to comply with orders of the Court.

Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on June 30, 2022. ECF No. 1. His application to proceed *in forma pauperis* was granted that same day, and the Court ordered Plaintiff to file an Amended Complaint by July 21, 2022, to clarify his claims using the form approved by this District. ECF No. 3. The order informed Plaintiff that failure to comply would result in the case being dismissed without prejudice. Plaintiff did not respond and the order directing him to do so has not been returned as undeliverable.

On July 25, 2022, the Court entered an order directing Plaintiff to show cause by August 15, 2022, as to why he failed to comply with the Court's order directing him to file an Amended Complaint. ECF No. 6. The order to show cause also informed Plaintiff that failure to comply would result in this case being dismissed. To date, Plaintiff has not responded to the show cause order and the order has not been returned to the Court as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Also, Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.

Accordingly, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 22nd day of August 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge